JOHN A. BALESTIER, RECEIVER, ETC., OF THOMAS C. CLARK, RESPONDENT, *v.* THE METROPOLITAN NATIONAL BANK OF NEW YORK AND THOMAS C. CLARK, APPELLANTS.

*Action against a bank — it cannot be compelled to pay money into court to abide the event of the action, on the ground that it is insolvent.*

In this action, brought by the plaintiff as receiver of the property and effects of one Clark, to recover from the defendant, The Metropolitan Bank, $1,100, being a portion of $5,000 alleged to be in the possession of the bank, the bank denied that the said sum, or any part thereof, belonged to him, and alleged that the money was its own. Upon an affidavit stating that the bank was insolvent — which statement was denied by it — the plaintiff obtained an order requiring the bank to forthwith pay into court the sum of $1,400 to the credit of the action, to abide the event thereof.

*Held,* that the order should be reversed, as the court had no power to make it.

APPEAL from an order directing the defendant bank to pay $1,400 into court.

*Fisher A. Baker,* for the appellant.

*William H. Secor,* for the respondent.

BARTLETT, J. :

The plaintiff, as receiver of the property and effects of Thomas C. Clark, sues the Metropolitan National Bank to recover $1,100, being a portion of $5,000 in possession of the bank and alleged to be the property of the said Clark. The bank denies, by its answer,

that the said sum of $5,000, or any part thereof, is his property or was his property at the time of the beginning of the action, and alleges, on the contrary, that the money is its own.   Upon an affidavit that the defendant bank is insolvent, which statement is denied in its behalf, the plaintiff has obtained an order at Special Term requiring the bank forthwith to pay into court the sum of $1,400 to the credit of this action and to abide the event thereof. Of this amount, the sum of $1,100 appears to be on account of the plaintiff's claim, and $300 for costs, interest and expenses.

We have been referred to no principle or authority upon which such an order can be sustained.   Even assuming it to be true that the defendant bank is insolvent, the laws of this State do not authorize an attachment against the property of a resident debtor, simply by reason of his insolvency, and the practical effect of this order is the same as that of an attachment.   To sanction the practice of thus directing defendants to pay money into court, under the circumstances disclosed in this case, would be to introduce a new method of legal procedure into the jurisprudence of this State.

The order appealed from should be reversed, with costs and disbursements.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Order reversed with ten dollars costs and disbursements.